State, Speer, pros., v. City of Passaic.

---

THE STATE, ALFRED SPEER, PROSECUTOR, v. THE CITY OF PASSAIC.

1. An assessment, &c., under the act March 10th, 1869, (*Laws*, 1869, *p.* 317,) set aside, because—1. It did not appear that the commissioners possessed the required qualifications; 2. They adopted a principle of apportionment different from that prescribed by the act.

2. A writ of *certiorari*, prosecuted for the purpose of having the assessment declared invalid upon these grounds—the prosecutor's land having been sold under it, and he remaining in possession—will not be dismissed for laches, although sued out nearly four years after the confirmation of the assessment.

---

On *certiorari*.

Argued at June Term, 1875, before Justices WOODHULL and REED.

For the plaintiff, *Comstock*.

For the defendant, *Moore*.

The opinion of the court was delivered by

WOODHULL, J. This writ is prosecuted to test the validity of an assessment for grading, &c., on lot No. 6, in Washington Place, in the village of Passaic, and of the sale of said lot for non-payment of that assessment.

These proceedings were under sections 17, 19 and 20 of the act to incorporate the village of Passaic, approved March 10th, 1869. (*Laws*, 1869, *p.* 317.)

The ordinance authorizing the improvement was adopted May 24th, 1869. The final report of the commissioners was made December 13th, and confirmed December 27th, 1869.

By resolution of November 11th, 1870, the collector of assessments was directed to advertise the sale of all property on Washington Place, on which assessments were in arrears, in pursuance of which the lot in question was sold November 1st, 1871, to the village treasurer, for ninety-nine years.

The writ was not sued out until November Term, 1874.

By this long delay in pursuing his remedy, the prosecutor is precluded from questioning the legality of the ordinance and other proceedings anterior to the assessment. *State, Ryerson et al., pros.,* v. *The City of Passaic, (post p.* 171,) and cases cited.

The act of 1869, above referred to, and under color of which these proceedings were had, provides for the appointment, by the village council, of three discreet, impartial and disinterested persons, freeholders and residents of said village, who are required to assess, &c., upon the land and real estate fronting upon the improvement, in proportion to the benefit received. There is nothing in the case to show that these important provisions of the act have been complied with.

1. It does not appear that either of the three commissioners who made the assessment, possessed any of the required qualifications.

2. Instead of conforming to the principle of apportionment prescribed by the act from which they derived all their authority, the commissioners, in their report, simply say that

" they have made an assessment on each parcel or lot in proportion to the number of feet front."

It has been abundantly reiterated—and so recently, as to render any reference to cases unnecessary—that these defects in the proceedings are fundamental in their character, and necessarily fatal.

On the part of the city, it is contended that, however fatal the objections just noticed might have been, if promptly taken by the prosecutor, he has lost his right to have them considered in this case, and that the writ which was not sued out until nearly four years after the confirmation of the assessment, ought to be dismissed for laches.

The same argument was urged against the retention of the writ in *State, Evans, pros.,* v. *Mayor & Ald. of Jersey City,* 6 *Vroom* 381, and in *State, Baxter, pros.,* v. *Mayor & Common Council of Jersey City,* 7 *Vroom* 188.

In each of those cases, as in the one now before us, the land of the prosecutor had been sold for non-payment of the assessment; the prosecutor had remained in possession under the menace of a hostile title; and had brought his writ of *certiorari* for the purpose of having the assessment—the foundation of the hostile title—declared invalid, upon grounds which, previous to the act of April 2d, 1869, (*Laws,* 1869, *p.* 1238,) would have been available for the same purpose, by way of defence in an action of ejectment.

In the cases just cited, the court refused to dismiss the writs, although sued out more than ten years after the proceedings brought up by them had been confirmed.

The assessment and all proceedings under it, must, as to the prosecutor, be set aside.